BESSER, Appellant,

v.

DEXTER et al., Appellees.

[Cite as *Besser v. Dexter* (1993), 87 Ohio App.3d 826.]

Court of Appeals of Ohio,
Hocking County.

No. 92 CA 13.

Decided July 21, 1993.

_William P. Besser,_ pro se.

_Lee Fisher,_ Attorney General, and _R. Paul Cushion II,_ Assistant Attorney General, for appellees.

---

PETER B. ABELE, Judge.

This is an appeal from a judgment of the Hocking County Common Pleas Court granting a post-judgment motion filed by Cheryl Dexter et al., defendants below and appellees herein, against William P. Besser, plaintiff below and appellant herein, seeking court costs and fees.

Appellant assigns the following errors:

First Assignment of Error:

"Did trial court err to the prejudice of plaintiff-appellant by issuing the cited order on the 12th day of May 1992 when the motion to assess costs was filed the 11th day of May, 1992 and proof of service bears date of May 5, 1992."

Second Assignment of Error:

"Did trial court err to the prejudice of plaintiff-appellant by issuing the contested order without considering plaintiff-appellant's contra-memorandum which would have been received not later than 2 to 3 days following May 12, 1992?"

Third Assignment of Error:

"Was the order assessing court costs in compliance with precedent, and did improper citations by defense counsel cause improper influence on the court?"

Fourth Assignment of Error:

"Did trial court err in finding the case of _Besser v. Dexter,_ et al., 88 CIV 0057 meritless when the case had survived more than four years in the courts, including this court of appeals?"

Fifth Assignment of Error:

"Did the trial court err in finding the case 'scandalous' where the only pleading which stated pure facts that was filed by Besser was a contra-memorandum to a motion for summary judgment?"

Sixth Assignment of Error:

"Did trial court err in failing to hold an evidentiary hearing to ascertain whether or not the complaint by Besser upon which the motion to assess was granted was meritless and spurious in fact?"

Seventh Assignment of Error:

"Was the true purpose of the ruling here contested to close the courts to indigent prisoners so as to eliminate complaints concerning one of America's worst prison systems?"

In *Besser v. Dexter* (1990), 68 Ohio App.3d 510, 589 N.E.2d 77, we held that the common pleas court had jurisdiction to hear the Section 1983, Title 42, U.S.Code civil rights complaint filed by appellant in the case *sub judice*. On July 31, 1991, the common pleas court entered summary judgment dismissing appellant's civil rights complaint. The court wrote in full as follows:

"This cause came on regularly for hearing on the defendants' motion for summary judgment and motion to dismiss. The court finds, from the affidavits and pleadings, that the suit is spurious and without legal or factual merit. In addition, the entire matter should be dismissed as a sanction for the scandalous pleadings and motions filed by the plaintiff.

"This cause is dismissed for both reasons, separately, with prejudice. *Costs to be paid by the plaintiff within 30 days.*" (Emphasis added.)

Appellant filed a notice of appeal from the above judgment entry. On May 8, 1992, we dismissed that appeal due to appellant's failure to prosecute. See *Besser v. Dexter* (May 8, 1992), Hocking App. No. 91 CA 14, unreported.

On May 11, 1992, appellees filed a motion "to tax and/or assess attorney fees against the non-prevailing plaintiff." In the motion, appellees noted that appellant had failed to pay court costs as ordered in the July 31, 1991 judgment entry. Appellees requested the court to tax court costs and attorney fees against appellant in the amount of $1,132 or $4,252, the lower amount including only $5 in nominal attorney fees. Appellees further requested that if the court found appellant unable to pay the costs and fees, that the court order a lien against appellant's prison account and fifty percent of all funds coming into the account.

On May 12, 1992, the court granted appellees' motion and ordered appellant to pay $1,132 in court costs and attorney fees. The court further ordered that because appellant is able to pay only a portion of the amount, that only $566 would be taxed against appellant. The court placed a $566 lien against appel-

lant's prison account and ordered fifty percent of any funds coming into the account to be withdrawn from the account in $20 increments up to a total of $566.

Appellant filed a notice of appeal on June 2, 1992. We will consider appellant's assignments of error jointly as follows.

## I

■ Appellant's fourth, fifth, sixth and seventh assignments of error address the July 31, 1991 judgment entry rather than the May 12, 1992 judgment entry. In his fourth and fifth assignments of error, appellant asserts the trial court erred by employing the words "meritless" and "scandalous" in the July 31, 1991 entry to describe the action. In his sixth assignment of error, appellant asserts the trial court erred by failing to hold an evidentiary hearing prior to the July 31, 1991 judgment. In his seventh assignment of error, appellant asserts his pleadings had merit, and thus the court should not have dismissed the case in the July 31, 1991 judgment entry.

In this appeal, we are limited to a review of the March 12, 1992 judgment entry. This appeal does not concern the July 31, 1991 judgment entry.

Accordingly, based upon the foregoing reason, we overrule appellant's fourth, fifth, sixth and seventh assignments of error.

## II

■ In his first assignment of error, appellant asserts the trial court failed to give him an opportunity to respond to appellees' motion before the court issued the May 12, 1992 judgment granting the motion. In his second assignment of error, appellant asserts the trial court erred by granting appellees' motion before considering his May 20, 1992 memorandum against the motion. Appellant notes the certificate of service on the motion indicates appellees sent him a copy on May 5, 1992. Appellant claims he first learned about the motion on May 7, 1992. Appellees filed the motion on May 11, 1992. The court granted the motion on May 12, 1992.

On May 20, 1992, appellant filed a memorandum against the motion. We have reviewed the memorandum together with the arguments appellant raises on appeal, as discussed *infra*, and find appellant suffered no prejudice as a result of the fact the trial court decided appellees' motion on May 12, 1992. Neither the memorandum nor the appellate brief persuades us that the trial court abused its

discretion by granting the motion. Consequently we find that any error concerning the timing of the court's decision constitutes harmless error.[1]

Accordingly, based upon the foregoing reasons, we overrule appellant's first and second assignments of error.

## III

■ In his third assignment of error, appellant asserts the judgment was in conflict with precedent. Additionally, appellant asserts appellees "improperly influenced" the court with "improper precedent." Appellant urges us to reverse the judgment.

First, we note the court's July 31, 1991 judgment entry ordered appellant to pay costs. Appellant failed to prosecute an appeal from that judgment entry. The July 31, 1991 judgment entry remains in effect.

Appellees' May 11, 1992 motion sought not to hold appellant responsible for the costs of the action, but rather sought to ascertain the amount of those costs. Appellees described the costs as follows:

| | |
|---|---|
| a) Clerk and Marshal Fees | $ 20 |
| b) Court Reporter Fees | 682 |
| c) Exemplification and Copying Fees | 425 |
| d) Attorney Fees | 5 or $3,125 |
| TOTAL: | $1,132 or $4,252 |

Appellees presented the court with two choices for an attorney fees award—either $5 or $3,125. The court chose the nominal $5 amount.

Appellant does not challenge the accuracy of the numbers. Rather, appellant challenges the fact that any amount at all was awarded, and challenges the fact that the court placed a lien on his prison account. Due to the fact appellant failed to prosecute an appeal from the July 31, 1991 judgment, we find appellant cannot now challenge the fact that the court assessed court costs against him.

■ We will, however, discuss appellant's argument that the court should not have placed a lien on his prison account. Appellant cites no authority

---

1. Civ.R. 61, the harmless error rule, requires us to disregard errors that do not affect the substantial rights of the parties:

   "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. *The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.*" (Emphasis added.)

prohibiting a lien on his prison account. We note that Section 1988, Title 42, U.S.Code permits awards of court costs and attorney fees in civil rights actions brought pursuant to Section 1983, Title 42, U.S.Code. The assessment of court costs pursuant to Section 1988, Title 42, U.S.Code falls within the sound discretion of the trial court. See *Fenton v. Query* (1992), 78 Ohio App.3d 731, 605 N.E.2d 1303; *Gibney v. Toledo Bd. of Edn.* (1991), 73 Ohio App.3d 99, 596 N.E.2d 591. We find the trial court did not abuse its discretion when placing a lien on appellant's prison account and requiring that half of all incoming monies be used to pay the nominal attorney fees and court costs in the case *sub judice*. See *Weaver v. Toombs* (C.A.6, 1991), 948 F.2d 1004; *Sales v. Marshall* (C.A.6, 1989), 873 F.2d 115. We note the court assessed appellant only $5 for attorney fees, and ordered appellant to pay only one-half of the total costs.

Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error.

*Judgment affirmed.*

STEPHENSON and GREY, JJ., concur.