**LYNN**

v.

**LIMBERT, Judge.**

[Cite as *Lynn v. Limbert* (1997), 117 Ohio App.3d 236.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 185.

Decided Jan. 21, 1997.

*Edward A. Sowinski, Jr.*, for relator.

*James A. Philomena*, Mahoning County Prosecuting Attorney, and *Michele G. Cerni*, Assistant Prosecuting Attorney, for respondent.

---

*Per Curiam.*

This original action to this court arises out of relator's complaint for writ of prohibition and respondent's subsequent motion to dismiss.

Relator was convicted of a felony in criminal court on September 23, 1996 and sentenced to a term of fifteen years to life imprisonment by respondent on September 24, 1996. On September 25, 1996, relator, while in jail and awaiting to be transported to a state facility, received a check in the amount of $1,169.66 due to a settlement of a personal injury action. The assistant prosecutor in the criminal case discovered that relator had this check and filed a motion to confiscate the check and use it to reimburse the Mahoning County and state of Ohio for the legal services provided for the relator, since relator had been deemed indigent and had had a court-appointed counsel in his trial and would have a court-appointed counsel for his appeal.

A hearing was held on September 27, 1996, subsequent to relator's conviction and sentencing by respondent, and respondent ordered that the assets (the $1,169.66) that belonged to the relator be applied to his attorney fees. On October 2, 1996, relator filed this petition for a writ of prohibition, alleging that respondent had no jurisdiction over the relator and thereby had no authority to confiscate his cash assets, that jurisdiction of the respondent ended after sentencing the relator, and that the seizure of the relator's check was an improper usurpation of judicial power.

On October 30, 1996, respondent filed his motion to dismiss, alleging that the trial court has the discretion to assess costs against an indigent defendant when there are funds available, and that this action was a clear exercise of the court's equitable powers and should not be disturbed absent an abuse of discretion.

Three conditions are necessary for the granting of a writ of prohibition: (1) the court against the whom the writ is sought is about to exercise his judicial power, (2) the exercise of such power is unauthorized by law, and (3) the refusal of the writ would result in injury for which no other adequate remedy exists. *State ex rel. Dow Chem. Co. v. Court* (1982), 2 Ohio St.3d 119, 2 OBR 668, 443 N.E.2d 143, and *Ohio Bell v. Ferguson* (1980), 61 Ohio St.2d 74, 15 O.O.3d 117, 399 N.E.2d 1206.

Clearly the court in this case was about to exercise its judicial power by confiscation of relator's assets. Also relator, once his assets are confiscated and expended and relator is confined in a state institution, would have no adequate remedy at law. The sole issue remaining becomes whether or not the confiscation of assets is authorized by law.

Respondent's confiscation of relator's asset is not authorized by law, and relator's petition has merit.

The trial court has admitted that relator was indigent at the time of his trial and also that the new assets of relator did not raise any issue about his indigency. The relator was indigent before and after he received his check. If the relator had the same amount of that check in a bank account before his trial he would still have been found to be indigent, since the standard of indigency in regard to the administrative sections of the public defender's commission indicates that applicants having liquid assets that exceed $1,000 for misdemeanor cases and that exceed $5,000 for felony cases shall be presumed not to be indigent. Respondent has not contested these figures or relator's indigency. Also, if relator had received this check a few days, weeks, or years later, while he was incarcerated, it is not clear that the court would have had access to these assets.

Respondent's allegation that he confiscated these assets under his equitable powers is not persuasive. Equity does not attach in criminal court; only in civil matters before the court.

Ohio criminal law is totally statutory in nature. There is no power in the court unless that power is conferred by statute or rule.

R.C. 2933.41, 2933.42, and 2933.43 are the code sections relating to the confiscation and disposition of property. R.C. 2933.41 states:

"(C) A person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies:

"(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.

"(2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property."

R.C. 2933.42 and R.C. 2933.43 are not applicable, since they deal with contraband and the possession and seizure thereof, which is not involved in this case.

■ Clearly under R.C. 2933.41 the relator in our case is not subject to Paragraph (C)(1), in that the property was not the subject of, or used in a conspiracy or attempt to commit, or used in the commission of, an offense of any type. Thus, the trial court could only be looking at R.C. 2933.41(C)(2), which allows forfeiture if a court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of such person, it is unlawful for the person to acquire or possess the property. The respondent has not cited any reason that it would be unlawful for the person to acquire or possess this property.

The cases cited by respondent in his motion, *Besser v. Dexter* (1993), 87 Ohio App.3d 826, 623 N.E.2d 223, and *State v. Mahoney* (1995), Lorain App. No. 94CA5932, unreported, 1995 WL 149150, are not on point in our case. *Besser* involved the trial court's placing a lien on a prison account requiring that half of all incoming monies be used to pay nominal attorney fees and court costs for a plaintiff's civil action under Section 1983, Title 42, U.S.Code. Indigency is not an issue in a civil action. In *State v. Mahoney*, that court seized the funds of a defendant after an arrest where he was not eventually charged with any crime and applied the money to a prior case where he had a court-appointed attorney and was later found that he had not been indigent at the time of his prior case. Relator in our case has at all times been deemed indigent.

The jurisdiction of the trial court in a criminal matter is that jurisdiction conferred by statute, that power conferred upon it by law, by which it is authorized to hear, determine, and render final judgment in an action, and enforce its judgment by legal process. In the instant case, the respondent had no jurisdiction or inherent power of equity to seize the relator's assets, since it was not contraband. Hence, the respondent's action and the exercise of his power were unauthorized by law, and the conditions necessary for granting a writ of prohibition clearly all do exist in this case.

Judgment is rendered for relator, and the writ is granted. Costs taxed against respondent.

*Writ allowed.*

JOSEPH E. O'NEILL, P.J., GENE DONOFRIO and COX, JJ., concur.