Defendant-appellant, James Stefanski, appeals from the judgment of the Marion County Court of Common Pleas denying an evidentiary hearing and dismissing his petition for post-conviction relief.
In June 1998, defendant was indicted on five counts: rape, sexual battery, kidnapping, aggravated burglary, and having weapons under disability. On the morning of trial, defendant pled guilty to the weapons under disability charge and the remaining charges were tried to the jury. The jury found defendant guilty of kidnapping and aggravated burglary. We affirmed the judgment of conviction on the jury verdict in State v. Stefanski (Mar. 29, 1999), Marion App. No. 9-98-63, unreported.
On June 15, 1999, defendant filed the instant petition for post-conviction relief. He attached various exhibits dehors the record in support of his claims for relief. In an entry filed July 8, 1999, the trial court ordered the prosecutor to file his response within fourteen days after the filing of the entry. On July 15, 1999, defendant filed a motion requesting the trial court to proceed to judgment without a response. On July 22, 1999, the State filed a motion to dismiss the petition pursuant to R.C.2953.21(C) and proposed findings of fact and conclusions of law. The trial court denied defendant's request for an evidentiary hearing, dismissed his petition, and entered findings of fact and conclusions of law on July 27, 1999.
On August 2, 1999, defendant filed a motion to strike the State's motion to dismiss and proposed findings of fact and conclusions of law. Defendant then filed his notice of appeal on August 9, 1999.
On appeal, defendant raises five assignments of error. For his first assignment of error, defendant asserts:
 The trial court erred in not striking the State's motion for summary judgment proposed findings of fact and conclusions of law as they were "out of rule" with R.C. Section 2953.21(D), and prejudiced the petitioner by permitting the State to avoid a "procedural bar." The granting of the State's motion for summary judgment, without giving the petitioner an opportunity to respond, denied the petitioner his due process rights under the 14th Amendment to the United States Constitution.
Defendant argues that it was error for the trial court to grant the State's "motion for summary judgment" and adopt findings and conclusions submitted by the State because the motion was filed outside the time provision set forth in R.C. 2953.21(D).
R.C. 2953.21(D) states, in pertinent part, as follows:
 Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment.
In this case, on June 15, 1999, defendant filed a petition under R.C. 2953.21 which set forth seven grounds for relief. In an entry filed July 8, 1999, the trial court ordered the prosecutor to file his response within fourteen days after the filing of the entry. This action was now within the realm of the court's discretion. Since the State did file its motion to dismiss the petition within "any further time" as affixed by the court, the State's motion would have been timely filed.
As part of this assignment of error, defendant also argues that he should have been provided an adequate opportunity to respond pursuant to the requirements of Civ.R. 56. Although post-conviction proceedings are civil in nature, State v.Milanovich (1975), 42 Ohio St.2d 46, 49, this court has held that the remedy is statutory and the procedure to be followed is controlled by R.C. 2953.21. State v. Murphy (May 12, 1995), Marion App. No. 9-94-52, unreported, at *2, citing State v. Darden
(1989), 64 Ohio App.3d 691, 693. Specifically, R.C. 2953.21(C) states, in pertinent part:
 Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
The procedures set forth in the statute allow a trial court to summarily dismiss a petition for post-conviction relief, with or without further submissions from either party, when the petition and its supporting documents fail to demonstrate any substantive grounds for relief. See, e.g., State v. Murphy,supra. To that end, R.C. 2953.21(C) requires the court to consider the petition, supporting affidavits, documentary evidence, and the files and records of the case to determine whether there are substantive grounds for relief that warrant a hearing.
In the present case, defendant filed his petition on June 15, 1999 and attached various exhibits to the petition. The State's motion filed on July 22, 1999 included no affidavits or other documentary evidence. The trial court stated that it entered its judgment because it determined that defendant had shown no substantive grounds for relief so as to warrant an evidentiary hearing on his claims. As stated previously, R.C. 2953.21(C) permits the trial court to dismiss a petition if it finds that there are no substantive grounds. We find no prejudice to defendant herein and therefore, we overrule his first assignment of error.
For his second assignment of error, defendant asserts:
 Trial counsel was ineffective in failing to properly investigate and interview witnesses vital to petitioner's case. Petitioner was prejudiced and denied his right to effective assistance of counsel under the 6th Amendment to the United States Constitution. Petitioner was further prejudiced by the trial court's erroneous decision not to hold an evidentiary hearing so as to develop the facts "dehors" the record further.
Defendant argues that the trial court erred by dismissing an ineffective assistance-of-counsel claim without first conducting an evidentiary hearing. Specifically, defendant contends that he submitted sufficient evidence to show that his trial counsel failed to properly investigate his case and interview potential witnesses.
To be entitled to a hearing for a post-conviction relief petition, which asserts ineffective assistance of counsel, the petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate his claim of lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness. State v. Jackson (1980),64 Ohio St.2d 107, 111. "Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions." Id.
Upon examination of the statements of three potential witnesses, Angelina Cummings, Robert R. Cummings and David Oney, attached to defendant's post-conviction relief petition, it must be noted that these unsworn witness statements did not constitute affidavits. However, even considering the unsworn statements as "other documentary evidence," we find that the statements failed to substantiate what the witnesses would have testified to at trial relevant to his defense of the charge of aggravated burglary. The only evidentiary document defendant submitted to show that they could say that defendant was living with the victim up until the day of the alleged burglary was his own self-serving affidavit. It is apparent that the trial court could have reasonably found that defendant's affidavit lacked credibility because the statements contained therein are unsupported by evidence and rely on hearsay. See State v. Moore (1994),99 Ohio App.3d 748, 754.
Furthermore, even assuming arguendo the truth of the facts as alleged in the defendant's affidavit, his affidavit would not be able to show that, had defense counsel done a proper pre-trial investigation to interview the witnesses, there would have been a reasonable probability that the outcome of the indicted offense of aggravated burglary would have been different. See State v.Bradley (1989), 42 Ohio St.3d 136, 142, citing Strickland v.Washington (1984), 466 U.S. 668, 694. This is particularly true in light of the fact that defense counsel did in fact introduce evidence to that effect during the presentation of his defense. The jury heard testimony from an adjacent neighbor of the victim that defendant had been at the victim's house on a daily basis for several weeks preceding the incident at issue and that defendant would spend the night at least twice a week.
In summary, we cannot find that defendant has met his burden to set forth evidentiary documents which include sufficient facts to demonstrate that his trial counsel provided ineffective assistance. Defendant's second assignment of error is overruled.
For his third assignment of error, defendant asserts:
 Trial counsel was ineffective in not requesting an "in camera inspection" of both Tammy Phipps' Eric Fulton's written statements pursuant to Crim.R. 16(B)(1)(g). This error amounted to a "lack of investigation," and prejudiced the defendant by denying him his right to effective cross-examination under the confrontation clause of the 6th Amendment to the U.S. Constitution. The trial court also erred in granting the State's motion for summary judgment in that its findings of fact and conclusions of law were erroneous and insufficient to support this decision.
Defendant maintains counsel was ineffective in failing to request an in camera inspection of the witness statements made by Tammy Phipps and Eric Fulton pursuant to Crim R. 16(B)(1)(g). In support of his post-conviction relief petition, defendant offered the narrative summary written by Patrolman Fitsko wherein he interviewed both individuals. Defendant claims, however, that the statements he needed in support of his petition were not available until he filed a "motion to compel" in the Ohio Supreme Court and the prosecutor then voluntarily provided the statements to him. He has attached these statements to his appellate brief. Nonetheless, in the interest of justice, we will proceed to review the statements under Crim R. 16(B)(1)(g).
Crim.R. 16(B)(1)(g) provides, in pertinent part, as follows:
 Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.
 If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.
 If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.
This rule clearly provides for the in camera inspection of a witness' prior out-of-court statements to determine if such statements are inconsistent with the witness' trial testimony. However, the argument advanced under this assignment of error is that the prior statement by Tammy Phipps was relevant to rebut the testimony of the victim. Indeed, as the defendant stated in his motion for post-conviction relief, "Denise Stefanski's trial testimony is inconsistent with what she told Tammy Phipps according to [the Narrative Supplement of Officer Fisko]." While such an alleged inconsistency may fall within the realm of Crim.R. 16(B)(1)(g) as to Denise's testimony, for the reasons stated under the fourth assignment of error, we do not believe any discrepancies are sufficient to alter our disposition of this assignment of error.
As for Eric Fulton's statement, we note that it appears from the transcript that the statements in the officer's narrative supplement did not contradict Eric's trial testimony. Most importantly, Eric Fulton's statement appears to be completely consistent with his testimony at trial.
In accordance with the foregoing, no facts support defendant's claim of ineffective assistance of counsel for failure to request an in camera inspection pursuant to Crim.R. 16(B)(1)(g). Defendant's third assignment of error is overruled.
For his fourth assignment of error, defendant asserts:
 When prosecutor Slagle withheld the signed written statements of Tammy Phipps and Eric Fulton from the defense, Stefanski's due process rights under the 14th Amendment to the U.S. Constitution Brady v. Maryland, 83 S.Ct. 1194, were violated.
Defendant argues that the statements of Tammy Phipps and Eric Fulton contained evidence favorable to his defense. Despite defendant's possession of these witnesses' statements, he has failed to point to any specific portions of the statements which were favorable to him to support his assignment of error. Defendant's post-conviction relief petition, however, mentions that the statements contained inconsistencies which would be favorable to him for purposes of impeachment. Any inconsistencies between the victim's testimony and the statements could have been favorable to defendant because part of his defense called into question the credibility of the victim, who was the only witness to defendant's alleged actions.
We therefore proceed to review the statements to determine whether they contain any evidence favorable to the defendant and material to either guilt or punishment. See Crim.R. 16(B)(1)(f).Brady v. Maryland (1963), 373 U.S. 83, 87, has established that the prosecution's failure to disclose evidence favorable to a defendant upon request violates due process where the evidence is material either to guilt or to punishment. State v. Johnston
(1988), 39 Ohio St.3d 48, 60. Evidence is material only if there is a "reasonable probability" that the result of the proceeding would have been different had the evidence been disclosed to the defense. Id. at paragraph five of the syllabus. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding. Id. This standard applies to exculpatory evidence, as well as impeachment evidence. Kyles v.Whitley (1995), 514 U.S. 419, 115 S.Ct. 1555, 1565.
Although the outcome of the defendant's trial turned in large part upon the credibility of the victim's testimony, we do not find that the statements at issue contain information that would have been useful in impeaching the victim's testimony at trial. Tammy's statement recounts that the victim told her that the defendant found her at Eric's house prior to the incident at issue with defendant, but that "nothing else was going on." The victim further told her that the defendant "didn't hit her," but did mention being pushed on the bed by defendant. Additionally, Eric's statement claims that they were watching television at the time defendant came to Eric's house. We note that the victim testified and was subject to cross-examination at trial (1) that she and Eric were watching television in Eric's bedroom, (2) that defendant had never hit her, and (3) that defendant had grabbed her and pushed her against the bed. Consequently, our review shows that the statements in question do not contain favorable evidence pursuant to Brady and Crim.R. 16(B)(1)(f). Defendant's fourth assignment of error is overruled.
For his last assignment of error, defendant asserts:
 Costs should not have been assessed to petitioner as Judge Davidson had found him to be an "indigent defendant" as defined under R.C. 120.33. This assessment penalized Stefanski for asserting his constitutional right to appeal.
In his assignment of error, defendant takes issue with the trial court assessing costs against an indigent defendant, but has not cited any case law which is directly on point in our case. The case of Lynn v. Limbert (1997), 117 Ohio App.3d 236, cited by defendant in his brief, involved a situation where the court had confiscated a check received by an indigent defendant after conviction in order to reimburse the state and county for legal fees, as opposed to the situation in this case involving the payment of costs assessed against a defendant in a post-conviction proceeding. Further, that case does not support a request that defendant be required to pay only twenty-five percent of the balance in his institutional account until the costs are paid in full. Accordingly, defendant's fifth assignment of error is overruled.
Based on the foregoing, we affirm the judgment of the trial court dismissing defendant's post-conviction relief petition.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.