DECISION AND JUDGMENT ENTRY JUDGMENT ENTRY
{¶ 1} Karl Freed appeals the judgment of the Highland County Court of Common Pleas granting the motion of Debbie and Dennis Howsman ("the Howsmans") to modify the trial court's order sentencing defendant Kandy L. Moore to pay restitution to Hillsboro Home Improvements, Inc. ("HHI") rather than to Freed individually. Because we find that the trial court lacked the authority to reconsider and modify its valid, final judgment, we reverse the judgment of the trial court.
 I. {¶ 2} HHI is an Ohio corporation, wholly owned by Karl Freed. HHI employed Kandy L. Moore, and during the course of her employment, Moore embezzled more than $45,000 from HHI. On September 14, 2000, the grand jury indicted Moore on one count of grand theft in violation of R.C. 2913.02(A)(2), a felony in the fourth degree, and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony in the third degree. Moore pled guilty to one count of grand theft and the prosecution dismissed the tampering charge. On March 21, 2001, the trial court sentenced Moore to five years of community control, two hundred hours of community service, and ordered her to pay restitution of $45,000 to Karl Freed through the Victim Restitution Escrow Account of the Highland County Victim Witness Office.
 {¶ 3} The Howsmans are judgment creditors of HHI. On April 30, 2003, they filed a motion to allow garnishment of property other than personal earnings seeking to garnish Moore's restitution payments to Freed. In their motion, the Howsmans noted that, although Moore's theft was from an Ohio corporation, the trial court ordered her to pay restitution to Freed, the corporation's sole shareholder. Accordingly, the Howsmans requested that the trial court modify Moore's conditions of supervision to require Moore and the Highland county Victim Witness Office to make the restitution payments to the corporation, rather than to Freed individually. Freed then filed a motion to strike the Howsmans' motion alleging that, because the Howsmans were not parties to the action or victims to the action, they had no standing.
 {¶ 4} The trial court conducted a hearing on the Howsmans' motion. Thereafter, the court issued a decision and judgment entry finding that the Howsmans had standing to file their motion to allow garnishment. Citing the "inherent power of the Court to amend or modify a previous Order upon good cause shown[,]" the trial court determined that the Howsmans had presented sufficient evidence to support their proposed modification of the trial court's previous order. Accordingly, the court granted the Howsmans' motion and modified its March 21, 2001 order to require Moore to make all future restitution payments payable to HHI.
 {¶ 5} Freed appeals, raising the following assignments of error: "First Assignment of Error: The Howsmans had no standing in the case to file either a motion, or to move for modification of the order. Second Assignment of Error: The Trial Court had no jurisdiction to modify the conditions of probation when (1) the defendant was not involved, and (2) the judgment and order of the Court was final." (Emphasis in original.)
 II. {¶ 6} In his second assignment of error, Freed contends that because Moore did not participate in the proceedings, and because the 2001 judgment of the trial court ordering Moore to pay him restitution was final, the trial court lacked jurisdiction to modify the conditions of Moore's community control. The Howsmans argue that we cannot review this assignment of error because Freed failed to raise it below.
 {¶ 7} It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. Shover v. Cordis Corp. (1991),61 Ohio St.3d 213, 220, overruled on other grounds by Collins v. Sotka
(1998), 81 Ohio St.3d 506. However, we note that objections based upon lack of subject matter jurisdiction may be raised at any stage of the proceedings, In re Byard (1996),74 Ohio St.3d 294, 296, and may even be raised for the first time on appeal.Jenkins v. Keller (1966), 6 Ohio St.2d 122, paragraph five of the syllabus. See, also, In re Burton S. (1999),136 Ohio App.3d 386, 391. Furthermore, we note that, in his August 1, 2003 memorandum below, Freed specifically argued that the trial court had no authority to reconsider its own valid, final judgment in a criminal case. Hence, we may address Freed's second assignment of error.
 {¶ 8} The existence of the trial court's subject matter jurisdiction is a question of law which we review de novo. Burnsv. Daily (1996), 114 Ohio App.3d 693, 701. Accordingly, we grant no deference to the conclusion reached below. Id.
 {¶ 9} Here, the trial court accepted Moore's guilty plea and sentenced her in 2001. No one appealed the trial court's March 21, 2001 sentencing entry. More than three years after the trial court issued Moore's sentence, the Howsmans filed a motion to allow garnishment requesting that the trial court modify its original sentencing entry to require Moore and/or the Highland County Victim Witness Office to pay the required restitution to HHI rather than Freed.
 {¶ 10} Ohio criminal law is statutory in nature. See Lynn v.Limbert (1997), 117 Ohio App.3d 236, 238. Accordingly, the court only has that power conferred by statute or rule. Id. While the trial court cites its "inherent power" to amend or modify a previous order upon good cause shown, we are aware of no such power under the facts of this case. We note that, pursuant to R.C. 2929.18(A), "[t]he victim or survivor may request that the prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered." However, the limited power the statute confers upon the court does to modify its restitution orders does not provide for such modification upon the request of third parties.
 {¶ 11} Crim.R. 36 grants Ohio's criminal courts the authority to correct "clerical mistakes" in judgments, orders, or other parts of the record at any time. However, "clerical mistakes" generally refer to a type of error identified with mistakes in transcription, or omission of any paper and documents. See Statev. Garretson (2000), 140 Ohio App.3d 554, appeal allowed90 Ohio St.3d 1451, appeal dismissed as improvidently allowed91 Ohio St.3d 1267.
 {¶ 12} While Ohio courts have the power to correct clerical mistakes at any time, pursuant to Crim.R. 36, no rule specifically authorizes a motion for reconsideration. In Pittsv. Dept. of Transp. (1981), 67 Ohio St.2d 378, syllabus, the Ohio Supreme Court held that "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." In its analysis, the Supreme Court noted, "* * * the Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules. A motion for reconsideration is conspicuously absent within the Rules. Rather the Civil Rules do allow for relief from final judgments by means of Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for a new trial), and Civ.R. 60(B) (motion for relief from judgment)." Id. at 380. Accordingly, the Supreme Court concluded, "[w]ithout a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity. "Id.
 {¶ 13} In State v. Papa (1990), 66 Ohio App.3d 146, the Eighth District Court of Appeals applied the Supreme Court's rationale in Pitts to the criminal context, stating: "Likewise, the Rules of Criminal Procedure specifically limit relief from judgments to motions expressly provided for within the same rules. A motion for reconsideration is conspicuously absent within the Criminal Rules. Rather, relief from final judgments is allowed only through Crim.R. 29(C) (motion for acquittal after verdict or discharge of the jury), Crim.R. 33 (motion for a new trial), Crim.R. 34 (motion in arrest of judgment), and Crim.R. 36 (motion to correct clerical mistakes)." Accordingly, the Eighth District concluded that a motion for reconsideration of a final judgment in a criminal matter was a nullity.
 {¶ 14} Since the Eighth District's holding in Papa, the Ohio Supreme Court has confirmed that a court has no authority to reconsider its own valid final judgments in criminal cases. SeeState ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597, 599, citing Brook Park v. Necak (1986), 30 Ohio App.3d 118.
 {¶ 15} Here, we find that the Howsmans' did not seek to have the trial court correct a clerical error in its March 21, 2001 sentencing entry. Instead, they sought to have the trial court revisit its final sentencing entry in order to modify the identity of the restitution payee. They now argue that the trial court's action in modifying its sentencing entry is permissible because the modification of the restitution payee has no impact upon the defendant. In light of the discussion above, we find this argument unpersuasive.
 {¶ 16} Based upon the foregoing, we find that the trial court lacked the requisite authority to reconsider its own valid, final judgment, and modify the name of the restitution payee at the Howsmans' request. Accordingly, we sustain Freed's second assignment of error and reverse the judgment of the trial court.
 III. {¶ 17} In his first assignment of error, Freed asserts that the Howsmans lack standing to move the trial court for modification of its prior order. Based upon our resolution of Freed's second assignment of error, his first assignment of error is moot and we decline to address it. See App.R. 12(A)(1)(c).
JUDGMENT REVERSED AND REMANDED.
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.