DECISION AND JUDGMENT ENTRY
{¶ 1} Gregory A. Joy (hereinafter "Joy") appeals his re-sentence for his convictions of one count of rape in violation of R.C. 2907.02 and two counts of felonious assault in violation of R.C. 2903.11. On appeal, Joy contends that his re-sentence violates the ex post facto and due process clauses of the United States Constitution. Because we conclude that the trial court lacked jurisdiction to re-sentence Joy, we do not address his sole assignment of error. Accordingly, we vacate the trial court's re-sentencing judgment.
 I. {¶ 2} Joy pled no contest to the rape and two felonious assault charges on August 11, 1999. The trial court found Joy guilty of the three offenses, and set the *Page 2 
sentencing for October 21, 1999. At that hearing, the trial court sentenced Joy to 19 years incarceration. That is, the trial court sentenced Joy to nine years for the rape and five years for each felonious assault conviction; all sentences to be served consecutively.
 {¶ 3} More than five years passed, and on May 24, 2006 Joy filed his motion for post-conviction relief. The trial court denied this motion for post-conviction relief as untimely, and this Court affirmed the trial court's dismissal. State v. Joy, Hocking App. No. 06CA10,2007-Ohio-963, ¶¶ 8-9.
 {¶ 4} On January 23, 2008, Joy filed a motion to vacate judgment under Civ. R. 60(B). Apparently, the trial court granted the motion to vacate because it held a re-sentencing hearing on February 4, 2008 and reimposed the same sentence as in the original sentencing proceeding.
 {¶ 5} Joy now appeals his re-sentence and raises the following assignment of error: "THE TRIAL COURT ERRED IN IMPOSING NON-MINIMUM AND CONSECUTIVE PRISON TERMS IN VIOLATION OF THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION. ARTICLE I, SECTION X: AMENDMENTS VI, XIV."
 II. {¶ 6} As a preliminary matter, this Court must consider whether the lower court had jurisdiction to re-sentence Joy. Joy claims Civ. R. 57(B) authorized the lower court to reconsider his sentence under Civ. R. 60(B). However, the Supreme Court of Ohio has rejected that argument under similar facts. State v. Schlee, 117 Ohio St.3d 153, 2008-Ohio-545, at ¶ 12. *Page 3 
 {¶ 7} In Schlee, the defendant filed a motion for relief in his criminal case alleging prosecutorial misconduct and asking for relief under Civ. R. 60(B). Id. at ¶ 4. The trial court treated it as a petition for postconviction relief under R.C. 2953.21 and dismissed it as untimely. Id. at ¶ 5. The defendant appealed, and the Schlee court held that the motion "filed subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him." Id. at ¶ 12. The court stated that the motion could have been filed, therefore, as a petition for post conviction relief, and a procedure specifically prescribed by rule exists. Id.; Crim. R. 35. Crim. R. 57(B) only authorizes a court to consider the rules of civil procedure where there is "no procedure specifically prescribed by rule."
 {¶ 8} Absent a statute or rule that authorizes reconsideration, a trial court lacks jurisdiction to reconsider its own valid final judgment, and therefore this Court lacks jurisdiction over the appeal. See Stamper v. Keatley, Lawrence App. No. 04CA14, 2004-Ohio-5430, at ¶¶ 8-9. The only rule that Joy cites is unavailable under Supreme Court of Ohio precedent, because Joy also filed this motion subsequent to his direct appeal, claimed a denial of constitutional rights, and sought reversal of the judgment rendered against him.
 {¶ 9} Here, Joy seeks to overturn the final judgment in his criminal case. Civ. R. 60(B) provides no authority to reconsider a final criminal judgment under these circumstances. The trial court therefore lacked jurisdiction to reconsider Joy's sentence, and this Court lacks jurisdiction to consider Joy's assignment of error. MidwestEnvironmental Controls, Inc. v. Houttekier, Lucas App. No. L-04-1118,2004-Ohio-5999, at ¶ 3. *Page 4 
 III. {¶ 10} For the foregoing reasons, we find the trial court was without jurisdiction to re-sentence Joy. Therefore, we do not address Joy's sole assignment of error. Accordingly, we vacate the re-sentencing judgment of the trial court.
JUDGMENT VACATED. *Page 5 
 JUDGMENT ENTRY
It is ordered that the re-sentencing JUDGMENT BE VACATED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1