[Cite as *State v. Glenn*, 2012-Ohio-3190.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case Nos.  11CA931 and |
| | : | 11CA932 |
| vs. | : | **Released: June 29, 2012** |
| | : | |
| JAMES GLENN, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

James A. Glenn, Chillicothe, Ohio, Appellant, Pro Se.

David Kelley, Adams County Prosecuting Attorney, West Union, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} Appellant James Glenn appeals the decision of the Adams County Common Pleas Court denying his motion to vacate mandatory fines in connection with his pleas of guilty in Case Nos. 20070052 and 20070147. These cases were consolidated herein.  Appellant essentially contends the trial court erred in denying his motion to vacate the fines imposed in the above cases because he is indigent.   However, a trial court lacks jurisdiction to reconsider its own valid, final judgment.  Appellant's motion to vacate

fines was a nullity.  As a result, no appeal may be taken from the denial of

Appellant's motion.  Accordingly, we must dismiss the appeal.

FACTS

{¶2} On November 15, 2007, Appellant entered guilty pleas to the

following charges:  count one, illegal possession of chemicals to

manufacture drugs, count two, carrying a concealed weapon, and count

three, aggravated possession of drugs, (Case No. 20070052) and   count one,

illegal assembly or possession of chemicals to manufacture drugs, (Case No.

20070147).  Appellant was represented by court-appointed counsel when he

pled and had the same representation at the sentencing hearing held on

November 26, 2007.

{¶3} As to Case No. 20070052, Appellant was sentenced to a stated

prison term of three (3)  years for count one, twelve (12)  months as to count

two, and ten (10) months as to count three.  He was also ordered to pay a

mandatory fine of $5,000.00 in connection with Case No. 20070052.

{¶4} As to Case No. 20070147, Appellant was sentenced to a stated

prison term of three (3) years for count one.[1]  Appellant was also ordered to

pay a mandatory fine of $5,000.00. The Adams County Common Pleas

---

[1] The prison terms of Case Nos. 20070052 and 20070147 were to run consecutively.  Appellant's driving privileges were also to be suspended for a period of three years, commencing upon his release from incarceration.  Appellant's request for placement/transfer to a transitional control program was specifically denied.  The entry also provided that post-release control was optional for a maximum of three years.

Court docket does not indicate that Appellant ever pursued an appeal of his convictions or any aspect of his sentence until the instant appeal.

{¶5} Appellant's Motion to Vacate, pursuant to R.C. 2929.51 (F)[2] and R.C. 2929.14,[3] was filed on October 19, 2011. The trial court denied Appellant's motion, without a hearing, on October 24, 2011. The Journal Entry of October 24, 2011, reads: "Upon review of the file, it appears at the time of sentencing, the Court found the defendant had the past, present, and future income to satisfy the financial sanctions imposed."

{¶6} Appellant now argues the law allows his fines to be vacated as he is legally indigent and poverty stricken. Appellant cites R.C. 2929.51, which as noted above and in Appellant's brief, has been repealed. Appellant also cites R.C. 2929.28, which delineates the financial sanctions for misdemeanor crimes. Appellant argues that to his knowledge, the State of Ohio did not oppose his motion to vacate and that the trial court relied only upon the "file of previous sentencing proceedings.[4]"

---

[2] R.C. 2929.51 was repealed in 2004.

[3] R.C. 2929.14 sets forth the description of definite prison terms for felony crimes.

[4] In his Reply brief, Appellant also asserts that his court-appointed counsel may not have objected to the imposition of fines. We note that under App.R. 9(B) it is the duty of the appellant to order, in writing, from the court reporter, a complete transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record. Because the appeal is being dismissed on other grounds, we do not consider this assertion.

ASSIGNMENT OF ERROR

"I.     WHETHER AN INDIGENT DEFENDANT, UPON DISCLOSURE
        OF BEING INDIGENT, SHOULD HAVE HIS FINE VACATED."

LEGAL ANALYSIS

{¶7} In his sole assignment of error, Appellant contends that the trial

court only relied upon the "file of sentencing proceedings without real

consideration of Appellant's current financial status," as Appellant is legally

indigent and poverty-stricken within statute guidelines.  Appellee, State of

Ohio, advances in matters of criminal sentencing, a trial court has only such

power to act as conferred upon it by statute or rule, and in this matter, the

trial court had no statutory authority to modify the amount of fines imposed

upon Appellant. See *State v. Purnell,* 171 Ohio App. 3d 446, 2006-Ohio-

6160, 871N.E.2d 613, (1st. Dist.)  As such, the State contends that the trial

court did not err in denying Appellant's motion to vacate the fines.

{¶8} We agree with Appellee's assertion that the trial court had no

statutory authority to modify the sentence.  A trial court lacks the requisite

authority to reconsider its own valid judgment and, in this case, vacate

Appellant's fines.  See *State v. Terrell,* 4th Dist. No. 10CA39,  2012-Ohio-

1926.  Ohio criminal law is statutory in nature.  *State v. Moore,* 4th Dist. No.

03CA18, 2004-Ohio-3977.   See also *Lynn v. Limbert,* 117 Ohio App. 3d

326, 690 N.E.2d 102 (1997).   Accordingly, the court only has the power

conferred by statute or rule.  *Id.*

{¶9} A criminal sentence is final upon issuance of a final order. See

*State v. Carlisle,* 131 Ohio St. 3d 127, 2011-Ohio-6553, 961 N.E. 2d 671,

¶1.  A judgment of conviction is final when the order sets forth (1) the fact

of the conviction; (2) the sentence; (3) the signature of the judge; and (4)

entry on the journal by the clerk of court.  *Carlisle.*  Crim.R. 32(C) also

provides that a judgment becomes final when the trial court reduces it to

writing and the clerk enters it on the journal.  *Purnell, citing State v.*

*Danison,* 105 Ohio St. 3d 127, 2005-Ohio-81, 823 N.E.2d 444, at ¶6.

{¶10} In this matter, Appellant was sentenced on November 26, 2007.

The journal entry on sentencing of November 26, 2007, was a final order,

and Appellant did not file a direct appeal from that final order.   Appellant's

motion was a nullity because a trial court lacks jurisdiction to reconsider its

own valid final judgment. See *State ex rel. Hansen v. Reed*, 63 Ohio St.3d

597, 589 N.E.2d 1324, (1992).   This law is well-settled in Ohio.

{¶11} In *Moore,* the defendant pled guilty and was convicted of theft,

sentenced, and ordered to pay restitution.  The trial court granted a motion

filed by judgment creditors, modifying the sentencing order to pay

restitution to a creditor company, rather than to an individual payee.  The

individual payee appealed the modification of the sentencing order. In its decision reversing the ruling of the trial court, this Court reiterated the case law that there was no jurisdiction for the trial court to reconsider and modify its own valid judgment.

{¶12} More recently, the Second Appellate District reviewed the Montgomery County Common Pleas Court's decision which denied a motion for waiver of court costs and fines. *State v. Thompson*, 2nd Dist. 2012 WL 138370 (April 20, 2012). Appellant Thompson was convicted of possession of cocaine and was informed by the court at the sentencing hearing that part of his sentence included payment of court costs and a $10,000.00 statutory fine. The sentencing entry reflected the imposition of fine and costs. Thereafter, Thompson filed an affidavit with the trial court in which he requested relief from paying costs and the statutory fine. He asserted that when the trial court had imposed the fines and costs, the court had been unaware of his indigent status. Thompson also filed a motion for waiver of court costs and fines, asserting generally that his counsel had been ineffective for failure to request that court costs and fines be remitted at the time of sentencing. The trial court denied Thompson's motion, determining that it lacked jurisdiction to modify Thompson's sentence and that Thompson should have objected to the imposition of fines and costs at the

time of sentencing.  The appellate court construed Thompson's appeal as one from an order denying a petition for postconviction relief.  The appellate court noted that a common pleas court has jurisdiction to entertain a postconviction claim only if petitioner satisfies either the timing requirement of R.C. 2953.21 [5] or the jurisdictional requirement of R.C. 2953.23.[6] The appellate court held that the trial court lacked jurisdiction to entertain Thompson's petition.

{¶13} Here, the Court declines to treat Appellant's motion to vacate fines as a petition for postconviction relief.[7] Appellant filed his motion to vacate fine on October 19, 2011, nearly four years after the judgment entry of sentencing dated November 26, 2007.  The judgment entry of sentencing was a valid, final judgment.  As we recently held in *State v. Terrell,* there is no provision in Ohio law for reconsideration of a valid, final judgment. Motions for reconsideration of a valid final judgment are a nullity.  *Terrell ¶13,* citing *State v. Steele,* 10th Dist. 05AP-92, 2005-Ohio-4786, ¶9; see also *State v. Joy*, 4th Dist. Nos. 08CA10 & 08AP10, 2009-Ohio-2211, ¶8; *State*

---

[5] Under 2953.21, a postconviction petitioner who has taken a direct appeal from his conviction must file his petition within 180 days of the date on which the trial transcript was filed in the direct appeal.

[6] Under 2953.23, if the petitioner was unavoidably prevented from discovery of facts upon which his petition depends, or his claim is based upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the time prescribed for filing his petition, he must show "by clear and convincing evidence" that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted.

[7] Appellant here actually titled his pleading as a "Motion to Vacate Fine," not a petition for postconviction relief.  We note that the trial court did not choose to construe the pleading as such.

*v. Moon,* 8th Dist. No. 93673, 2010-Ohio-4483, ¶19.  Although Appellant titled his pleading a "motion to vacate fine," the same reasoning finding motions for reconsideration, motions for relief from judgment, or untimely motions for postconviction relief to be a nullity is equally applicable in this instance. And, as in *Terrell,* we lack jurisdiction for this appeal.

{¶14} Accordingly, we find that the November 26, 2007,  judgment entry of sentencing to be a valid, final judgment.  As such, the trial court had no jurisdiction to consider Appellant's motion to vacate fines.  Therefore, Appellant cannot appeal from the trial court's denial of his motion, and his appeal is dismissed for lack of jurisdiction.

**APPEAL DISMISSED.**

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

### **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**