BESSER, Appellant,

v.

DEXTER et al., Appellees.

[Cite as *Besser v. Dexter* (1993), 90 Ohio App.3d 418.]

Court of Appeals of Ohio,
Hocking County.

No. 92 CA 13.

Decided Sept. 24, 1993.

*William P. Besser, pro se.*

*Lee Fisher,* Attorney General, and *R. Paul Cushion II,* Assistant Attorney General, for appellees.

---

PETER B. ABELE, Judge.

This is an appeal from a judgment of the Hocking County Common Pleas Court granting a postjudgment motion filed by Cheryl Dexter et al., defendants below and appellees herein, against William P. Besser, plaintiff below and appellant herein, seeking court costs and fees. On July 21, 1993, we issued a final judgment and opinion affirming the judgment of the trial court. 87 Ohio App.3d 826, 623 N.E.2d 223.

On August 5, 1993, appellees filed the instant motion for costs and liens, requesting us to assess against appellant $4,843.75 for attorney fees, $240.45 for out-of-pocket travel and living expenses, and $130 for exemplification and copying costs of papers necessarily obtained for use in this appeal. In support of its argument that we should make the requested assessment, appellees cited the

following authorities: Section 1920, Title 28, U.S.Code; Section 1923, Title 28, U.S.Code; Section 1988, Title 42, U.S.Code; and App.R. 23. We decline to assess the attorney fees, out-of-pocket travel and living expenses, or exemplification and copying costs against appellant.

■ Section 1920, Title 28, U.S.Code, permits courts of the United States to tax as costs fees of the clerk and marshall, fees of the court reporter, fees for printing and witnesses, fees for exemplification and copying, docket fees, court-appointed-expert fees, and interpreter fees. The statute does not require courts to assess such fees against the losing party.

■ Section 1923, Title 28, U.S.Code, permits courts of the United States to tax as costs attorney's and proctor's docket fees in amounts specified in the statute. The maximum amount specified in the statute is $100. The statute does not require courts to assess attorney fees against the losing party.

■ Section 1988, Title 42, U.S.Code permits awards of court costs and attorney fees in civil rights actions brought pursuant to Section 1983, Title 42, U.S.Code. The assessment of court costs pursuant to Section 1988, Title 42, U.S.Code falls within the sound discretion of the court. *Fenton v. Query* (1992), 78 Ohio App.3d 731, 605 N.E.2d 1303; *Gibney v. Toledo Bd. of Edn.* (1991), 73 Ohio App.3d 99, 596 N.E.2d 591. We do not believe the quality of the success appellees achieved in this appeal warrants the imposition of the costs appellees seek.

■ App.R. 23 provides that if an appellate court determines that an appeal is frivolous, then the appellate court may require the appellant to pay the appellees' reasonable expenses, including attorney fees. In our July 21, 1993 judgment entry in this case, we found there were reasonable grounds for this appeal. Thus, we decline to find that the appeal was frivolous and we decline to award appellees' expenses pursuant to App.R. 23.

■ App.R. 24(A)(2) provides that unless we order otherwise, the appellant is liable for costs if we affirm the trial court's judgment. App.R. 24(B), added to the rule by amendment effective July 1, 1992, defines "costs" as follows:

"As used in this rule, 'costs' means an expense incurred in preparation of the record including the transcript of proceedings, fees allowed by law, and the fee for filing the appeal. It does not mean the expense of printing or copying a brief or an appendix."

The costs appellees currently seek by motion generally lie outside the App.R. 24(B) definition of "costs." The rule does not define "costs" as including attorney fees or travel and living expenses. The rule specifically exempts copying costs from the definition of "costs."

■ We note App.R. 24(B) defines "costs" as including "fees allowed by law." We agree with appellees that federal law allows courts to award attorney fees in civil rights cases. Federal law, however, does not require courts to award attorney fees in all civil rights cases. App.R. 24 must not be interpreted to require us to award all fees that federal and state laws give us discretion whether to award.

■ As we have discussed above, we decline to award attorney fees as requested in appellees' August 5, 1993 motion. Thus we decline to award appellees' costs pursuant to App.R. 24. See, generally, *Benda v. Fana* (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197, paragraph one of the syllabus; *Walton v. Ohio Dept. of Rehab. & Corr.* (Dec. 17, 1992), Franklin App. No. 91AP-935, unreported, 1992 WL 385616.

Accordingly, based upon the foregoing reasons, we overrule appellees' August 5, 1993 motion for costs and lien.

*Motion overruled.*

STEPHENSON and GREY, JJ., concur.