OPINION
{¶ 1} Defendant Rodney Lemon appeals a summary judgment of the Municipal Court of Shelby, Richland County, Ohio, entered in favor of Asset Acceptance, LLC on its complaint for money due and owing for residential electric service. Asset Acceptance is the assignee of Ohio Edison, which provided the electric service. Appellant assigns five errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT HEARING OR RULING ON THE DEFENDANT'S MOTION TO DISMISS.
 {¶ 3} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 4} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT THE PLAINTIFF DID NOT PROVE ITS CASE.
 {¶ 5} "IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT RECOGNIZING THE ACCORD AND SATISFACTION RELATIONSHIP BETWEEN THE PLAINTIFF, THE DEFENDANT, AND THE OHIO EDISON COMPANY.
 {¶ 6} "V. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT EVEN IF THE PLAINTIFF HAD A LEGITIMATE CLAIM AGAINST THE DEFENDANT THE STATUTE OF LIMITATION HAD EXPIRED."
 {¶ 7} Asset Acceptance filed suit against appellant alleging the sum of $2,251.33 was due and owing on his residential electric bill. Attached to its complaint was a customer account statement containing the date, the account number, and the total due.
 {¶ 8} Appellant appeared pro se and sent a letter to the court in response. In the letter, which the court deemed an answer, appellant disputed the amount owed, and indicated he had a claim against Ohio Edison for damage to his property.
 II III {¶ 9} On October 12, 2005, Asset Acceptance served a set of Interrogatories, Requests for Production of Documents, and Requests for Admission. Appellant did not respond until January 20, 2006, when in a letter to the court he advised he did not fill out the Requests for Admission and Asset Acceptance had not responded to any of his requests for information. Appellant further informed the court he had requested an itemized bill from Ohio Edison ten years earlier, and it could not produce any documentation. Appellant also raised the issue of statute of limitations for the first time. Appellant did not submit a properly executed verification page attesting to the truthfulness of his responses as required by the Civil Rule.
 {¶ 10} Asset Acceptance attached copies of the Interrogatories, Requests for Production of Documents, and Requests for Admission to its motion for summary judgment. Request for Admission #12 asked appellant to admit he used the residential electric service described therein, apparently referring to the account number. Request for Admission #14 asked appellant to admit he was responsible to pay the balance prayed for in the complaint. Request for Admission #16 asked appellant to admit he failed to pay the total amount due on the account, and Request for Admission #18 asked appellant to admit he received periodic statements of the account. Request for Admission #20 asked appellant to admit the balance due and owing on the account is the amount set forth in the complaint, and Request for Admission #22 asked appellant to admit he did not make all the required payments in a timely manner.
 {¶ 11} Asset Acceptance also submitted an affidavit of one of its assistant branch managers, which stated there is justly due and owing $2,251.33 on the account. The affidavit contains no further information about the debt.
 {¶ 12} Appellant alleged he requested an itemized bill, which Asset Acceptance could not produce. We find the documentation Asset Acceptance did produce for the court is insufficient to prove the amount of the bill, see, e.g., Skidmore Associates,LPA v. Southerland (1993), 89 Ohio App. 3d 177, reversing a grant of summary judgment for lack of evidence of the amount claimed to be due. The only evidence Asset Acceptance submitted to prove the amount of the bill is Admission number #20 admitting the balance due and owing on the account.
 {¶ 13} In the case of Cleveland Trust v. Willis (1985),20 Ohio St. 3d 66, the Ohio Supreme Court found Civ. R. 36 requires when Requests for Admission are filed, the opposing party must timely respond either by objection or answer. If a party fails to respond to the request the court may deem the matter admitted, but under compelling circumstances, the court may allow untimely replies or amendment of responses. The Supreme Court found a trial court may permit a party to withdraw an admission if it will aid in presenting the merits of the case and if the party who obtained the admission fails to demonstrate withdrawal will prejudice him in maintaining his action, Willis at 67, citingBalson v. Dodds (1980), 62 Ohio St. 2d 287.
 {¶ 14} In Willis, the court found the defendant failed to justify his dilatory response to the requests. The defendant did not cooperate with any of the discovery requests and refused to give a deposition in the matter. The defendant in Willis waited until the first day of trial to file a response to the Requests for Admission, and the Supreme Court found permitting the late response would not only have prejudiced the plaintiff's pursuit of his remedy and entailed further delay, buy it would have rewarded defendant for his lack of diligence.
 {¶ 15} In the case at bar, appellant repeatedly challenged Asset Acceptance's bare statement of the amount owing on the account. In several communications after the Requests were due, appellant reiterated his assertion Asset Acceptance had no evidence to support the amount demanded. Appellant filed a motion to dismiss on January 4, 2006, asserting Asset Acceptance had no evidence or facts in support of its claim.
 {¶ 16} Appellant's objections to the Requests for Admission were not made, as in Willis, supra, on the brink of trial. Appellant was consistent in arguing the bill was not correct and Asset Acceptance was aware appellant contested the amount it alleged was due. Asset Acceptance could not produce an itemized bill or other documentation as proof.
 {¶ 17} We find the trial court should have permitted appellant to withdrawal or modify his admission. Civ. R. 36 gives a trial court alternatives to deeming a matter admitted. The Rule permits the trial court to order a party to answer a Request for Admission or to conduct a hearing on the issue. The Supreme Court found this provision emphasizes actions should be resolved on the merits, while at the same time assuring the parties they will not be prejudiced by relying on admissions in preparation for trial. The record does not demonstrate how Asset Acceptance was prejudiced in its ability to prepare for trial, except that the Admission is the sole piece of evidence Asset Acceptance has produced in support of its claim. We find the trial court should not have granted summary judgment under these circumstances.
 {¶ 18} The second and third assignments of error are sustained.
 IV V {¶ 19} In his fourth and fifth assignments of error, appellant argues the trial court should not have entered a judgment in favor of Asset Acceptance because of accord and satisfaction, and because the statute of limitations had run. As Asset Acceptance points out, appellant did not raise these issues in his answer or in a response to its motion for summary judgment. We find appellant cannot raise these defenses on appeal.
 {¶ 20} The fourth and fifth assignments of error are overruled.
 I. {¶ 21} In his first assignment of error, appellant argues the court committed prejudicial error in not ruling on his motion to dismiss. In general, when a court does not grant a motion it is deemed to be overruled, Muncy v. American Select InsuranceCompany (1998), 129 Ohio App. 3d 1.
 {¶ 22} A judgment overruling a motion to dismiss is not a final appealable order pursuant to R.C. 2505.02. This court has no jurisdiction to review the issues raised by the motion to dismiss.
 {¶ 23} The first assignment of error is dismissed for lack of jurisdiction.
 {¶ 24} For the foregoing reasons, the judgment of the Municipal Court of Shelby, Richland County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
Gwin, J., Wise, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Shelby, Richland County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.