OPINION *Page 2 
{¶ 1} On September 19, 2005, appellee, Asset Acceptance LLC, filed a complaint against appellant, Rodney Lemon, for money due and owing ($2,251.33) on his residential electric bill. Appellee is the assignee of FirstEnergy/Ohio Edison which provided the electric service.
 {¶ 2} On January 3, 2006, appellee filed a motion for summary judgment. By journal entry filed March 3, 2006, the trial court granted the motion. Appellant appealed, and this court reversed, finding the trial court relied on unanswered admissions as the sole piece of evidence in the case. See, Asset Acceptance LLC v. Rodney Lemon, Richland App. No. 2006-CA-28, 2006-Ohio-4451.
 {¶ 3} Upon remand, a bench trial was held on December 14, 2006. By judgment entry filed December 22, 2006, the trial court found in favor of appellee as against appellant in the amount of $505.10.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT THE PLAINTIFF DID NOT PROVE ITS CASE."
 II {¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT RECOGNIZING THE ACCORD AND SATISFACTION RELATIONSHIP BETWEEN THE PLAINTIFF, THE DEFENDANT, AND THE OHIO EDISON COMPANY." *Page 3 
 III {¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT EVEN IF THE PLAINTIFF HAD A LEGITIMATE CLAIM AGAINST THE DEFENDANT THE STATUTE OF LIMITATION HAD EXPIRED."
 IV {¶ 8} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT THE APPELLANT COURT ORDERED THE APPELLEE TO PAY COST THE COURT OF SHELBY REVERVED (SIC) THAT STATING THAT THE APPELLANT PAY COST."
 V {¶ 9} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT PERMITTED THE APPELLEE TO GIVE NEW EVIDENCE 5 MINUTES BEFORE COURT."
 I {¶ 10} Appellant claims appellee did not prove its case by the preponderance of the evidence.
 {¶ 11} Before we address this assignment, we must first examine why the transcript of the trial was not filed with this court. On January 19, 2007, appellant filed a "Praecipe" containing the following language in pertinent part:
 {¶ 12} "TO THE COURT REPORTER.
 {¶ 13} "IMMEDIATELY PREPARE A TRANSCRIPT OF ALL PROCEEDINGS, HELD ON 12-14-2006. INCLUDING BUT NOT LIMITED TO ALL PRETRIAL HEARINGS, MOTIONS HEARINGS, TRIAL PHASE PROCEEDINGS. IN *Page 4 
CONFORMANCE WITH APP.R. (B). AND DELIVER TO THE CLERK OF THE COURT OF COMMON PLEAS."
 {¶ 14} There is no notation of service of the praecipe, nor instructions to the Clerk of Courts to serve the court reporter. There is no evidence the notice was ever given to the court reporter. App.R. 9(B) governs in pertinent part "[t]he transcript of proceedings; duty of appellant to order" which states the following:
 {¶ 15} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk.* * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
 {¶ 16} App.R. 13 governs "[f]iling and service." Subsection (D) governs "proof of service" and states the following:
 {¶ 17} "Documents presented for filing shall contain an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. Documents filed with the court shall not be considered until proof of service is endorsed on the documents or separately filed."
 {¶ 18} Included in the file are the exhibits admitted at trial and the trial court's notes, but no written transcript of the proceedings. InKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following: *Page 5 
 {¶ 19} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. SeeState v. Skaggs (1978), 53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * *the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 20} It is from this limited record that we will review this assignment of error. We note a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. CE. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 21} Pursuant to Civ.R. 10(D)(1), "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." A review of the complaint shows a purported statement is attached. It is not on "FirstEnergy" or "Ohio Edison" letterhead. In its December 22, 2006 judgment entry, the trial court found the following: *Page 6 
 {¶ 22} "16. Lastly, the Court finds as aforesaid that there is no logical explanation for a $1,872.66 monthly bill for a time that appears to be in August, 2000. The other three months that the Court actually has figures for, the same being $101.51, $78.05, and $99.11, an average of the same, the Court comes up with a reasonable figure of $126.28 as and for electrical usage for the month of August, 2000, leaving a discrepancy of approximately $1,746.00, which portion of the bill is totally unexplained. Since the Court finds that the Defendant is entitled to the same defenses against Asset Acceptance that he would have against FirstEnergy, and that FirstEnergy would have an obligation to show to the Defendant how it arrived at its figures as to the bill for the month covering August, 2000.
 {¶ 23} "The Court therefore finds that the Plaintiff has proven actual usage and a bill for the bill that is owed in the sum of $378.82 and a reasonably imputed usage of $126.28, for a total amount of $505.10. The Court therefore awards judgment for $505.10."
 {¶ 24} Exhibits B, D, and E purport to be the account statements. There is no indication that these statements were FirstEnergy's or verified as the true account statements of FirstEnergy. It was conceded by appellee during oral argument that no witness for FirstEnergy testified at the trial.
 {¶ 25} Upon review, we find there is a lack of evidentiary quality exhibits to substantiate appellee's claim.
 {¶ 26} Assignment of Error I is granted. *Page 7 
 II, III, IV {¶ 27} These assignments attack the trial court's decision as it relates to the pleadings (accord and satisfaction), statute of limitations, and costs. Because these assignments address procedural issues, we will address them collectively.
 {¶ 28} Appellant argues the trial court should have found accord and satisfaction barred recovery. Accord and satisfaction are affirmative defenses which must be pled. Civ.R. 8(C). Appellant's September 29, 2005 answer to the complaint did not raise accord and satisfaction therefore, he cannot raise this defense on appeal.
 {¶ 29} Although appellant did not specifically plead a statute of limitations defense, the trial court addressed this issue as follows:
 {¶ 30} "15. The Court further finds that with a $150.00 payment being made on April 11, 2000, that the statute of limitations would have commenced running at that time and the suit was filed within six (6) years from that date. Therefore, the statute of limitations does not bar the Plaintiff's right to collect."
 {¶ 31} The complaint was filed on September 19, 2005, within the six year statute of limitations pursuant to R.C. 2305.08.
 {¶ 32} Furthermore, both of these issues, accord and satisfaction and statute of limitations, were reviewed and addressed in the prior appeal under Assignments of Error IV and V.
 {¶ 33} Lastly, appellant argues the trial court erred in ordering him to pay costs of the action. Civ.R. 54(D) governs costs and states, "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." *Page 8 
 {¶ 34} This issue is moot because based upon this opinion, appellant is now the prevailing party and will not be assessed court costs. We note in the prior appeal, we assessed the costs of the appeal to appellee herein.
 {¶ 35} Assignments of Error II, III, and IV are denied.
 V {¶ 36} Appellant claims the trial court erred in permitting appellee to give new evidence five minutes before trial. Given our decision in Assignment of Error I, we find this assignment to be moot.
 {¶ 37} The judgment of the Shelby Municipal Court of Richland County, Ohio is hereby reversed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Shelby Municipal Court of Richland County, Ohio is reversed. Costs to appellee. *Page 1