OPINION
{¶ 1} Defendant-appellant, Rodney Lemon, appeals from the February 13, 2008, Judgment Entry of the Shelby Municipal Court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 19, 2005, appellee, Asset Acceptance LLC, filed a complaint against appellant Rodney Lemon for money due and owing ($2,251.33) on his residential electric bill. Appellee is the assignee from First Energy/Ohio Edison, which provided the electric service. Attached to its complaint was a customer account statement containing the date, the account number and the total due.
 {¶ 3} Appellant appeared pro se and sent a letter to the trial court in response. In the letter, which the trial court deemed an answer, appellant disputed the amount owed and indicated that he had a claim against Ohio Edison for damage to his property.
 {¶ 4} On January 3, 2006, appellee filed a Motion for Summary Judgment. Pursuant to a Journal Entry filed March 3, 2006, the trial court granted the motion. Appellant then appealed.
 {¶ 5} Pursuant to an Opinion filed on August 25, 2006, this Court reversed, finding that the trial court had relied on unanswered admissions as the sole piece of evidence in the case. See, AssetAcceptance LLC v. Rodney Lemon, Richland App. No. 2006-CA-28,2006-Ohio-4451.
 {¶ 6} Upon remand, a bench trial was held on December 14, 2006. Pursuant to a Judgment Entry filed on December 22, 2006, the trial court found in favor of appellee and against appellant in the amount of $505.10. *Page 3 
 {¶ 7} Appellant then filed another appeal. Pursuant to an Opinion filed on November 5, 2007, in Asset Acceptance L.L.C. v. RodneyLemon, Richland App. No. 2007CA0011, 2007-Ohio-6111, this Court reversed the judgment of the trial court, finding, in part, that there was a lack of evidentiary quality exhibits to substantiate appellee's claim.
 {¶ 8} Thereafter, on November 21, 2007, appellant filed a Motion to Tax Cost. Appellant, in his motion, sought the following costs totaling $10,085.20:
 {¶ 9} "Research for Court Appearances and Appeals to the Appellate Court.
 {¶ 10} "One hundred thirty hours at fifty dollars per hour.
 {¶ 11} "Document preparation twenty hours at fifty dollars per hour.
 {¶ 12} "Travel five hundred miles at thirty seven cents per mile.
 {¶ 13} "Filing Fees three hundred fifteen dollars.
 {¶ 14} "Amount of days off work eight at two hundred fifty per day.
 {¶ 15} "Paper copies eighty six dollars and twenty cents.
 {¶ 16} "Totaling ten thousand eighty five dollars and twenty cents."
 {¶ 17} Appellant, in his motion, alleged that the same were reasonably incurred in the pursuit of his appeal.
 {¶ 18} A hearing on appellant's motion was held on February 5, 2008. As memorialized in a Judgment Entry filed on February 13, 2008, the trial court overruled appellant's motion "except as to the award of court costs which has previously been ordered." The trial court, in its Judgment Entry, stated, in relevant part, as follows:
 {¶ 19} "(G) No credible evidence or documentation was presented concerning any damages allowed under the law other than that of court costs. *Page 4 
 {¶ 20} "(H) The Plaintiff has paid or been ordered to pay any local court costs.
 {¶ 21} "(I) The Court of Appeals has previously ordered the Plaintiff to pay the court costs to the Court of Appeals.
 {¶ 22} "(J) The Defendant has not paid any local court costs on this case.
 {¶ 23} "(K) The Defendant has failed to meet the burden of proof to establish any award for expenses other than court costs.
 {¶ 24} "(L) The Defendant did not incur any legal fees.
 {¶ 25} "(M) O.R.C. 2335.18 taxing the court costs on record has already been done by the Court of Appeals and this Court."
 {¶ 26} Appellant now raises the following assignments of error on appeal:
 {¶ 27} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT THE SHELBY COURT STATED IN JUDGMENT ENTRY THAT THE APPELLATE COURT TAXED THE COST TO THE PLAINTIFF AS ONLY COURT COSTS, THE TWO TIMES IN THE FIFTH APPELLATE DISTRICT COURTS THE COSTS TO THE APPELLANT WAS GIVEN BUT AT NOT (SIC) TIME WAS IT SAID COURT COSTS ONLY.
 {¶ 28} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THAT THE SHELBY COURT STATED NO CREDIBLE EVIDENCE OR DOCUMENTATION WAS PRESENTED CONCERNING ANY DAMAGES ALLOWED UNDER THE LAW OTHER THAN THAT OF COURT COSTS. THIS WAS GIVEN TO THE COURTS IN THE MOTION TO TAX THE ACTUAL TIME EXPENDED THE DAYS LOSS FROM WORK THE MILEAGE, THE COPIES FOR THE SHELBY COURT, THEIR ATTORNEY THE FIFTH APPELLATE DISTRICT COURT AND MYSELF. THIS IS WHERE THERE *Page 5 
WAS NO DISCRETION USED. THE FACT I WAS THE PREVAILING PARTY AND IF (SIC) COSTS (SIC) ME MY VACATION TIME MY FREE TIME FROM WORK AND COSTS OF THE COPIES IS WRONG.
 {¶ 29} "III. THE TRIAL COURT COMMITTED PREJUDICIAL EROR IN THAT THE SHELBY COURT STATED I DIDN'T PAY ANY LOCAL COURT COST IS WRONG IN 2006 WHEN I FIRST WROTE MY NOTICE OF APPEAL, THE SHELBY COURT CHARGED ME $95. I GAVE IT TO THE CLERK OF COURTS IN SHELBY.
 {¶ 30} "IV. THE TRIAL COURT COMMITTED PREJUDICAL ERROR IN THAT THE COURT STATED THE DEFENDANT HAS FAILED TO MEET THE BURDEN OF PROOF TO ESTABLISH AWARD FOR EXPENSES. PREVAILING PARTY IN MOTION TO TAX MY WORD SHOULD BE TAKEN THE SAME AS AN ATTORNEYS WORD WOULD BE TAKEN FOR COSTS. THE COST WAS WROTE OUT AND SIGNED AS TRUE.
 {¶ 31} "V. THE TRIAL COURT COMMITTED ERROR IN THE SHELBY COURT STATED THAT THE DEFENDANT DID NOT INCUR ANY LEGAL FEES THIS IS WRONG BASED ON THE FACT OF MY TIME SPENT LOOKING UP WHAT TO USE IN COURT. FEES AS IN PAYING AN ATTORNEY NO. I JUST WANTED PAID SOMETHING FOR TIME I SPENT I'M NOT ASKING FOR ATTORNEY PRICES BUT MY TIME IS WORTH SOMETHING. BEING PRO-SE SHOULD BE AT DISCRETION TO DETERMINE HOW MUCH BY THE COURTS BUT-0-IS TOO LITTLE FOR THE COURT OF SHELBY TO MAKE OUT THAT MY TIME IS WORTH NOTHING IS WRONG. *Page 6 
 {¶ 32} "VI. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT USING ITS DISCRETION TO DETERMINE WHAT ITEMS MAY OR MAY NOT BE CHARACTERIZED AND ASSESSED AS LITIGATING COSTS OUTSIDE THOSE SPECIFICALLY ALLOWED BY STATUTE OR CASE LAW.
 {¶ 33} "VII. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT CLEARING UP THE PUBLIC RECORD AND LEAVING ON CREDIT REPORT THAT I OWED ASSET ACCEPTANCE, LLC OVER $2200 THAT WAS WON IN AUGUST 2006 AND WAS STILL ON MY CREDIT REPORT IN 2008. IN THE SUMMARY JUDGMENT MAKING LIGHT OF IT. THE FACT THAT I CONTACTED CREDIT REPORTING COMPANY TO HAVE THAT CORRECTED AND THAT PORTION OF THE RECORD CLEARED. WITHOUT THE COURT OR ASSET ACCEPTANCE, LLC REMOVING IT THEY SAID IT WOULD COME OFF IN 2013."
 I-VI {¶ 34} Appellant, in his first six assignments of error, argues that the trial court erred in overruling his Motion to Tax Cost.
 {¶ 35} As an initial matter, we note that appellant did not file a transcript of the February 5, 2008, hearing before the trial court on his Motion to Tax Cost. It is well settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the trial court proceedings and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,400 N.E.2d 384. Without such a transcript, this Court cannot determine whether the trial court erred in finding that "[n]o credible evidence or documentation was presented concerning any damages allowed under the law other than that of court costs" and that appellant failed *Page 7 
"to meet his burden of proof to establish any award for expenses other than court costs." We must, therefore, presume that the trial court was correct in its findings.
 {¶ 36} As is stated above, appellant, who was pro se throughout this case, in his November 21, 2007, Motion to Tax Cost, requested that the trial court order that research for court appearances and appeals to the appellate court, document preparation, travel time, filing fees, vacation days off work and copies be taxed as costs. Pursuant to App. R. 24(A)(3), appellant, as the prevailing party, is entitled to costs incurred on appeal. App. R. 24(B) defines "costs" as meaning "an expense incurred in preparation of the record including the transcript of proceedings, fees allowed by law, and the fee for filing the appeal. It does not mean the expense of printing or copying a brief or an appendix."
 {¶ 37} As noted by the court in Besser v. Dexter (1993),90 Ohio App.3d 418, 420, 629 N.E.2d 511, "[t]he rule does not define "costs" as including attorney fees or travel and living expenses. The rule specifically exempts copying costs from the definition of `costs.'" Appellant therefore, was not entitled to copying costs, travel costs or attorney fees. Moreover, we note that, while appellant argues that the trial court erred in failing to award him attorney fees, appellant, in his brief, concedes that he was not represented by counsel. Appellant, therefore, did not incur any legal fees.
 {¶ 38} Finally, with respect to court costs, we note that the trial court found that, in accordance with R.C. 2335.18, the taxing of court costs had already been done by the trial court. In both appellate cases, costs were assessed to appellee. While appellant claims he paid $95.00 to the Shelby Municipal Courts, without a transcript of the hearing before the trial court we must presume regularity. *Page 8 
 {¶ 39} In short, for the foregoing reasons, we find that the trial court did not err in overruling appellant's motion "except as to the award of court costs which previously had been ordered."
 {¶ 40} Appellant's first six assignments of error are, therefore, overruled.
 VII {¶ 41} Appellant, in his seventh assignment of error, argues that the trial court erred in not clearing up the public record and leaving on appellant's credit report that appellant owed appellee over $2,200.00. According to the trial court's February 13, 2008, Judgment Entry, appellant, at the February 5, 2008, hearing, produced an Exhibit showing that the original summary judgment was still on his credit record.
 {¶ 42} However, appellant did not file a Fair Credit Reporting Act claim in this case. The issue of whether or not there has been a violation of the same has never been litigated.
 {¶ 43} Furthermore, in the absence of a transcript of the February 5, 2008, hearing, this Court must presume regularity. *Page 9 
 {¶ 44} Appellant's seventh assignment of error is, therefore, overruled.
 {¶ 45} Accordingly, the judgment of the Shelby Municipal Court is affirmed.
 Edwards, J., Farmer, P.J., and Delaney, J., concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Shelby Municipal Court is affirmed. Costs assessed to appellant. *Page 1